# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 99 CR 945 |
| v. | Judge James B. Zagel |
| WILL CARTHAN. | |

## MEMORANDUM OPINION AND ORDER

Defendant Will Carthan is currently serving a sentence of 34 years for conspiracy to distribute crack cocaine. Defendant has previously sought relief from this sentence pursuant to amendments 706 and 750 to the United States Sentencing Guidelines. Presently before me is Defendant's motion for reduction of his sentence under Amendment 782 of the Sentencing Guidelines as well as 18 U.S.C. § 3582(c) and §§ 1B1.10 and 2D1.1 of the Sentencing Guidelines. Defendant also moves the court to reconsider its order denying sentence reduction under amendments 706 and 750.

I will first consider Defendant's motion for sentence reduction under Amendment 782. Under 18 U.S.C. § 3582(c)(2), a district court may exercise its authority to modify a criminal sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When considering a motion for a reduced sentence based on retroactive changes to the crack cocaine Sentencing Guidelines from a defendant who had been sentenced pursuant to a binding plea agreement, all that matters is whether the parties' binding plea agreement was expressly based on the Sentencing Guidelines, not whether the Sentencing Guidelines informed the parties' decision to enter into the agreement or whether the Sentencing Guidelines informed the court's decision to accept the agreement. 18 U.S.C.A. § 3582(c)(2); Fed.Rules Cr.Proc.Rule

1

11(c)(1)(C), 18 U.S.C.A. *United States v. Dixon*, 687 F.3d 356 (7th Cir. 2012) (citing *Freeman v.United States*, 131 S. Ct. 2685 (U.S. 2011)).

In this case, it is true that Defendant's plea agreement expressly references the Sentencing Guidelines. According to the plea agreement, the government agreed to "depart from the applicable sentencing guideline range, and to impose the sentence agreed to by the parties as outlined below . . . Defendant understands that the decision to depart from the applicable guideline range rests solely with the Court." The problem for Defendant, however, is that his plea agreement does not expressly reference a Sentencing Guideline range. Moreover, by using the language, "depart from the applicable sentencing guideline range," the plea agreement is clearly stating that Defendant's sentence was *not based on* the sentencing guidelines. *See, e.g., United States v. Jackson*, No. 99 CR 545-1, 2012 WL 4051930, at *2 (N.D. Ill. Sept. 12, 2012) (interpreting nearly identical language in a plea agreement). Because the terms of the Defendant's plea agreement do not clearly state that any particular guideline range was employed, there is no link between the sentence imposed and an applicable guideline range. As a result, I am unable to reduce Defendant's sentence based on an amendment to the Sentencing Guidelines. *See Freeman*, 131 S.Ct at 2697, 2700 (Sotomayor, J. concurring in the judgment).

With respect to Defendant's motion to reconsider the Court's denial of his previous motions on the basis of Amendments 706 and 750, those motions have been litigated, appealed, and affirmed, and there is therefore no basis upon which I can reconsider them. Furthermore, Defendant is not entitled to more than one opportunity to request a lower sentence for any given change in the Sentencing Guidelines range. *See United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011).

## CONCLUSION

Because Defendant's term of sentencing was not subject to or "based upon" the Sentencing Guidelines, Defendant is not entitled to a reduction in his sentence pursuant to the Amendments to the Sentencing Guidelines. Accordingly, I deny Defendant's motion for sentence reduction. [1]

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 26, 2015

---

[1] Were it true that I could reduce Defendant's sentence, I would be willing to do so in this case, but the law clearly runs against Defendant.